This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WANDA EZELL, deceased,**
**by the personal representative**
**for the wrongful death estate,**
**F. MICHAEL HART,**

Plaintiff-Appellee,

v.                                                          **NO. 31,993**

**SHULL MANAGEMENT, INC.**
**d/b/a, SUNRISE HEALTHCARE**
**MANAGEMENT, THE EVANGELICAL**
**LUTHERAN GOOD SAMARITAN SOCIETY,**
**GOOD SAMARITAN SOCIETY, INC., and**
**STEPHEN J. FRANKLIN,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Harvey Law Firm, LLC
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellee

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Martha G. Brown

Deana M. Bennett
Allison L. Biles
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     This case presents a dispositive issue that has been recently addressed by this Court: whether the unavailability of a stipulated arbitrator renders an arbitration agreement wholly unenforceable.  In *Wrongful Death Estate of Clifford Cooper v. Evangelical Lutheran Good Samaritan Society*, No. 31,100, mem. op. (N.M. Ct. App. June 19, 2013) (non-precedential), we determined that the same arbitration agreement as to that at issue in this case was invalidated because the National Arbitration Forum (NAF) "[was] integral to the parties' agreement to arbitrate and . . . its unavailability . . . renders the entire Agreement unenforceable." *Id*. ¶ 14.[1]  Adhering to our conclusion in *Cooper*, we affirm the district court's denial of the motion to compel arbitration.

**I.     BACKGROUND**

{2}     Because the parties are familiar with the facts of this case, we only discuss those

---

[1]We note that *Cooper* was issued in the form of a non-precedential, memorandum opinion.  We rely on *Cooper* not as binding authority, but to maintain consistence within this Court as to the specific question of NAF unavailability in the context presented herein and in *Cooper*.

2

that are essential to establish the basis for our holding. In 2007, Wanda Ezell was a resident of a nursing home in Artesia, New Mexico. The facility was administered by Defendants The Evangelical Lutheran Good Samaritan Society, Shull Management Inc., Good Samaritan Society, Inc., and Stephen J. Franklin (collectively, Defendants). After less than a two-month stay, Ms. Ezell died and her estate, through its court-appointed representative, F. Michael Hart (Plaintiff), filed a lawsuit against Defendants pursuant to the New Mexico Wrongful Death Act (WDA), NMSA 1978, §§ 41-2-1 to -4 (1882, as amended through 2001). Whether the claim could be brought in district court, however, depended on the applicability and interpretation of a single page of the nursing home Admission Agreement (the Agreement) signed by Ms. Ezell's representative at the time of Ms. Ezell's placement in the nursing home.

{3} Specifically, the page of the Agreement that immediately preceded the signature page bore a heading that read "Resolution of Legal Disputes." While Section (B) of that page established resolution of disputes through binding arbitration, Section (C) required that such arbitration "shall be conducted . . . in accordance with the [NAF] Code of Procedure for Arbitration" and the payment of a "filing fee" and "other expenses" to NAF will be borne by the claimant. That page also provided NAF's phone number and address for signatories who wished to learn more about "NAF's arbitration service and its rules and procedures for arbitration[.]"

3

**{4}** On July 24, 2009, the NAF ceased participating in newly initiated consumer disputes. Plaintiff filed the WDA against Defendants in district court on August 10, 2010, to which Defendants responded by filing motions to compel arbitration. The district court denied the motions, and Defendants appealed.

## II.   DISCUSSION

**{5}** In *Cooper*, we held that the determination of a pre-selected arbitrator's unavailability "renders the entire Agreement unenforceable." *Cooper*, No. 31,100, mem. op. ¶ 14. *Cooper* analyzed the New Mexico Supreme Court's ruling in *Rivera v. American General Financial Services., Inc*., 2011-NMSC-033, ¶ 9, 150 N.M. 398, 259 P.3d 803, which dealt with the enforceability of an arbitration agreement that designated the no-longer-available NAF as arbitrator. *Id*. ¶ 1. In determining the effect of NAF's unavailability, our Supreme Court noted that the Federal Arbitration Act provides that an agreement is "not enforceable where grounds . . . exist at law or in equity for the revocation of any contract." *Id.* ¶ 17 (omission in original) (internal quotation marks and citation omitted). In *Cooper*, we reasoned that because "the parties intended for the NAF to be the exclusive arbitrator in any out-of-court dispute resolution . . . [,] the unavailability of NAF as arbitrator . . . threatens to eviscerate the core of the parties' agreement." *Rivera*, 2011-NMSC-033, ¶ 38 (second omission in original) (alterations, internal quotation marks, and citation omitted). "[Our] Supreme

4

Court established [in *Rivera*] that when the designation of NAF is integral to an arbitration agreement, then NAF's unavailability renders the entire arbitration agreement unenforceable." *Cooper*, No. 31,100, mem. op. ¶ 7 (*citing Rivera*, 2011-NMSC-033, ¶¶ 26-27).

{6}      Notably, the *Cooper* arbitration agreement is essentially the same arbitration agreement at issue in the present case. We concluded in *Cooper* that the arbitration agreement "uses mandatory language to refer to the NAF as in the *Rivera* agreement." *Cooper*, No. 31,100, mem. op. ¶ 10. Like the *Rivera* arbitration clause, the *Cooper* arbitration clause included the term "shall" in reference to NAF arbitration and "will" in reference to the payment of fees and expenses by the person requesting arbitration. *Cooper*, No. 31,100, mem. op. ¶ 10. We concluded that "[a]lthough the arbitration clause did not expressly designate NAF as the arbitrator, . . . the use of mandatory language, and several references to NAF indicate that designation of NAF [was] integral to the arbitration clause." *Id.* ¶ 12.

{7}      As the arbitration clause in this case uses language identical to that in *Cooper* and we see no compelling reason to reach a different conclusion about that same clause's enforceability in this case, we likewise hold that "the designation of NAF is integral to the parties' agreement to arbitrate and that its unavailability therefore renders the entire Agreement unenforceable." *Id.* ¶ 14; *see State ex rel. Martinez v.*

*City of Las Vegas*, 2004-NMSC-009, ¶ 24, 135 N.M. 375, 89 P.3d 47 ("Based on the importance of stare decisis, we require a compelling reason to overrule one of our prior cases." (internal quotation marks and citation omitted)). We therefore affirm the district court's denial of Defendants' motion to compel arbitration.

## III.  CONCLUSION

{8}  We remand to the district court for further proceedings associated with Plaintiff's WDA claim.  Because we affirm the district court's denial of Defendants' motion to compel, we need not address Plaintiff's remaining issues.

{9}   **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**

6